Rios, J.
(dissenting). In the case at bar, it is undisputed that *74 defendant and third-party plaintiff New York City Saks, LLC, as owner, controlled the subject premises and that it had the stairs repaired three months prior to the instant accident. The stairway was used by Saks’ employees, and Saks had a duty to keep it in a reasonably safe condition (Basso v Miller, 40 NY2d 233 [1976]). In support of its motion for summary judgment, Saks attached a deposition of its general manager responsible for maintenance and repairs to establish that the repairs were properly completed and that it had not received any notice, actual or constructive, of the defect. The deposition was insufficient to establish that the regional manager personally inspected the work and failed to demonstrate that there was a procedure in place whereby he would receive actual or constructive notice of any complaints. Since Saks’ moving papers failed to make a prima facie showing that the repairs were not defective and that it had no notice, actual or constructive, of the condition that caused the accident, it failed to satisfy its burden.
The motion by defendant and third-party defendant M.E. Sabosik Associates for summary judgment was also properly denied as Sabosik failed to make a prima facie showing that it did not cause the subject defect. I note that while Sabosik’s moving papers speculated that other contractors may have subsequently worked on the stairwell, no evidence was presented to establish that such was the case.
In any event, plaintiff raised a triable issue of fact. Although Sabosik alleged that it merely replaced the then-existing rubber treads with new rubber treads, said allegation was contradicted by plaintiff in her examination before trial wherein she described the defect as a semicircular piece of metal strip that was bent and that a portion of the step was missing. Indeed, the court below noted that the type of defect, as described by plaintiff, was not the type that would appear suddenly.
Weston Patterson, J.E, and Golia, J., concur; Rios, J., dissents and votes to affirm in a separate memorandum.